IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | |
| MAURICE HILL | : | CRIMINAL NO.: 07-597 & |
| | | 08-233 |
| | : | |

**SENTENCING MEMORANDUM**

**AND NOW COMES**, Your Defendant, MAURICE HILL, by and through his counsel, Wayne R. Maynard, Esquire, hereby moving This Honorable Court to consider the enclosed arguments contained herein.

A. **SENTENCING FACTORS FOR CONSIDERATION BY THE COURT**

Pursuant to 18 U.S.C. § 3553 (a) (2), a sentencing court must impose a sentence that is **"sufficient but not greater than necessary" to achieve the four purposes of sentencing (retribution, deterrence, incapacitation, and rehabilitation)** after consideration of the following factors set forth by Congress via statute:

(1) the nature and circumstances of the offense and the history and characteristics of the Defendant;

(2) the kinds of sentences available;

(3) the guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline ranges;

(4) the need to avoid unwarranted sentencing disparity among defendants with similar records that have been found guilty of similar conduct;

(5) the need to provide restitution to any victim of the offense.

Moreover, pursuant to 18 U.S.C. § 3582, the imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the factors in 18 U.S.C. § 3553 (a), the sentencing court is required to "recognize[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation. 18 U.S.C. § 3582.

A district court's discretion in sentencing is broad in nature. See United States v. Parker, 462 F.3d 273, 277-78 (3d Cir. 2006). At sentencing, a district court must follow a three-step process: (1) Courts must continue to calculate a defendant's Guideline sentence precisely as they would have before Booker…; (2) In doing so, courts must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force…; (3) Finally, courts are required to exercise their discretion by considering the relevant § 3553 (a) factors…in setting the sentence they impose, regardless of whether it varies from the sentence calculated under the Guidelines. See Unites States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). This language seems to clearly indicate that in the critical third step of the sentencing analysis, district courts must apply their independent judgment to the sentence to be imposed in light of the sentencing factors, yet they do not need to pay heed to whether their judgment results in a sentence within the advisory Guideline range. See United States v. Vampire Nation, 451 F.3d 189, 196 (3d Cir. 2006) ("the Guidelines are now only one factor among many which can influence a discretionary sentence. Application of [an advance notice requirement for sentences outside the applicable Guideline range] would elevate the

advisory sentencing range to a position of importance that it no longer can enjoy"); See also United States v. Coleman, 451 F.3d 154, 158 (3d Cir. 2006) ("the Guidelines' recommended range may be modified or disregarded by a district court upon consideration of the other sentencing factors Congress has identified in § 3553 (a)").

### B. OBJECTIONS /ADDITIONS TO REVISED PRE-SENTENCE INVESTIGATION REPORT

(1) OBJECTIONS

    a. Page 18, Paragraph 78.: The Defendant's understanding is that the sentences referred to were to run concurrently.

    b. Page 10, Paragraph 26.: It is the Defendant's position that there should be no 4-point enhancement pursuant to 2K2.1(b(6) as there is no proof of any facts to support this.

(2) ADDITIONS

The Defendant has no additions to the revised pre-sentence report.

### C. FACTORS WARRANTING A DOWNWARD DEPARTURE

As the Government sets forth in its Motion for Downward Departure, the Defendant has provided substantial assistance to the Government.

He has testified before the Grand Jury on two occasions, was willing to testify at trial, and provided information about a shooter that led to an arrest. He has cooperated with the Government and provided information that has and will likely continue to imperil his safety and that of his family.

**D.     CONCLUSION**

For all of the foregoing reasons, the Defendant, MAURICE HILL, respectfully requests this Court to consider a downward departure based on his substantial assistance to the Government.

**E.     REQUEST TO SEAL DEFENDANT'S SENTENCING MEMORANDUM**

As the Defendant's Memorandum contains some sensitive information that, if disclosed to the public, could further endanger the Defendant and his family and could hamper and/or impair Government investigations or proceedings, it is respectfully requested that this Sentencing Memorandum be filed under seal.

/S/ WAYNE R. MAYNARD

_____
Attorney for Defendant, MAURICE HILL
42 S. 15th Street, Suite 1104
Philadelphia, PA  19102

DATE:  April 12, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | |
| MAURICE HILL | : | CRIMINAL NO.: 07-597 & |
| | | 08-233 |
| | : | |

## CERTIFICATE OF SERVICE

I, WAYNE R. MAYNARD, Esquire, hereby certify that I caused to be forwarded a copy of the foregoing Sentencing Memorandum by fax to the following:

    Assistant U.S. Attorney Maria M. Carillo
    615 Chestnut Street, Suite 1250
    Philadelphia, PA  19106-4476
    Fax No.: (215) 861-8618 and/or 861-8498

    and by Fax to:

| | |
|---|---|
| Honorable Paul S. Diamond | Antonio Maiocco, USPO |
| Department of Justice | Federal Building |
| Eastern District of Pennsylvania | 600 Arch Street |
| Room 6613, United States Courthouse | Room 2400 |
| 601 Market Street | Philadelphia, PA  19106 |
| Philadelphia, PA  19106 | Fax No.: 215-597-8856 |
| Fax No.: 267-299-5069 | |

                              /S/ WAYNE R. MAYNARD

                              _____
                              Attorney for Defendant, Maurice Hill
                              42 S. 15th Street. Suite 1104
                              Philadelphia, PA  19102

DATE:  April 12, 2010